1   Michael C. Martinez (Bar No. 188084)
    Mark Charles (Bar No. 199994)
2   MARTINEZ CHARLES LLP
    1055 East Colorado Boulevard, Suite 500
3   Pasadena, CA 91106
    Telephone: 626.240.4664
4   Facsimile: 626.240.4665

5   Attorneys for Plaintiff
    DAVID ALAS
6
    MELINDA S. RIECHERT, State Bar No. 65504
7   MORGAN, LEWIS & BOCKIUS LLP
    2 Palo Alto Square
8   3000 El Camino Real, Suite 700
    Palo Alto, CA 94306-2122
9   Tel:  650.843.4000
    Fax:  650.843.4001
10  Email: mriechert@morganlewis.com

11  KATHY H. GAO, State Bar No. 259019
    MORGAN, LEWIS & BOCKIUS LLP
12  300 South Grand Avenue, Twenty-Second Floor
    Los Angeles, CA  90071-3132
13  Tel:  213.612.2500
    Fax:  213.612.2501
14  Email: kgao@morganlewis.com

15  Attorneys for Defendant
    ARAMARK Sports, LLC
16
                    UNITED STATES DISTRICT COURT
17
                   CENTRAL DISTRICT OF CALIFORNIA
18

| 19 | DAVID ALAS, | Case No.  CV 11-1915-PSG (JEMx) |
| 20 | Plaintiff, | [Assigned to Hon. John E. McDermott for discovery matters] |
| 21 | vs. | DISCOVERY MATTER |
| 22 | ARAMARK SPORTS, LLC; and DOES 1 THROUGH 50, inclusive, | [PROPOSED] ORDER RE STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER |
| 23 | Defendants. | |
| 24 | | |
| 25 | | Complaint Filed:   January 19, 2011 |
| 26 | | Removal Date:      March 4, 2011 Trial Date:         March 13, 2012 |
| 27 | | |
| 28 | | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

**WHEREAS,** the Court may enter a protective order upon a showing of good cause; and

**WHEREAS,** the parties anticipate that discovery will require production of documents and information that one or more of the parties regards as sensitive business information, financial information, confidential personnel information, trade secrets, medical information, and other confidential and proprietary information and that disclosure of this information to competitors and the general public would be prejudicial and detrimental to the parties, and litigation over claims of confidentiality would unduly consume the resources and time of the Court and parties; and

**WHEREAS,** the parties believe in good faith that certain documents which the parties intend to produce in this litigation may be classified as described above, specifically information regarding defendant ARAMARK Sports, LLC's ("ARAMARK") employment practices liability insurance policy and/or internal documents regarding its policies, practices, or strategies, as well as plaintiff David Alas' ("Plaintiff") medical history, and financial documents or records that may be of a personal and confidential nature; and

**WHEREAS,** the parties only seek to stipulate and enter into a protective order that is limited to the discovery as described in this Stipulation.

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and ARAMARK and by and between their undersigned counsel of record, that this Court, subject to the Court finding good cause pursuant to Federal Rules of Civil Procedure Rule 26(c), enter the following Stipulation of Confidentiality and Protective Order with respect to pre-trial discovery:

1. Plaintiff and ARAMARK shall have the right to limit access to any document produced in discovery or other item relevant to this litigation, including without limitation, answers to interrogatories and any portion of deposition

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22681623.1

testimony or other testimony by a witness, to the counsel for the parties.

2.     Such documents or other tangible items must be designated by conspicuously stamping the words "COUNSEL ONLY" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated.  Should counsel for either party anticipate that material designated "COUNSEL ONLY" may be used at a deposition or mediation, counsel will contact opposing counsel and discuss the parameters for the use of "COUNSEL ONLY" material.  Counsel for the parties agree to attempt to resolve any issues regarding "COUNSEL ONLY" documents without requiring the intervention of the Court.  With regard to testimony, a party may limit access to such testimony to the parties' counsel by notifying the other party of the portion of testimony to be designated on the record at the deposition or in writing no later than fourteen (14) days after the transcript is received.

3.     Information designated for "COUNSEL ONLY" shall not be disclosed or disseminated to <u>anyone</u>, except:

     a.     the counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

     b.     any outside expert engaged by a party for the purposes of assisting in the preparation of this litigation, provided, however, that no such information shall be disseminated to any expert who is currently employed by a direct business competitor of a party or its affiliates subject to review by the Court; or

     c.     any person who was involved in the preparation of the document or information; or

     d.     any person, entity, or firm with the prior written consent of all parties.

4.     Plaintiff and ARAMARK shall also have the right to designate as

CONFIDENTIAL any information produced or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made there from.  Such information may at the instance of either party be deemed CONFIDENTIAL and subject to the restrictions set forth herein.  Categories of such CONFIDENTIAL information include, but are not limited to, medical and psychological information/records, insurance information, financial information, account numbers, social security numbers, personal information of non-party witnesses, and proprietary information.  The parties will use their best efforts to limit the number of documents designated CONFIDENTIAL.

5.     Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated.  With regard to testimony, a party may designate portions of the record CONFIDENTIAL by notifying the other party on the record at the deposition or in writing no later than fourteen (14) days after the transcript is received.

6.     CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced CONFIDENTIAL information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.  Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to anyone, except the following qualified recipients:

        a.     a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

        b.     any expert engaged by a party or individuals retained to perform

investigative work or fact research for the purpose of assisting counsel in the preparation of this litigation, provided, however, that no CONFIDENTIAL information shall be disseminated to any expert who is employed by a direct business competitor of ARAMARK or its affiliates; or

c.    any person who was involved in the preparation of the document or information; or

d.    any other person, entity, or firm with the prior written consent of all parties; or

e.    deposition notaries and staff; or

f.    deponents during their depositions or in preparation therefore provided they have executed Exhibit A if they do not fall within another classification of this list; or

g.    the Court and such other court staff who of necessity must have access in order to ensure a fair and equitable disposition of this matter, provided the CONFIDENTIAL information is filed as a sealed/restricted document pursuant to Section 10 below.

7.    Persons to whom CONFIDENTIAL information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as a contempt of the Court.  Deponents may be shown CONFIDENTIAL materials during their deposition but shall not be permitted to keep copies of said CONFIDENTIAL materials nor any portion of the deposition transcript reflecting the CONFIDENTIAL information.

8.    Any party that provides "COUNSEL ONLY" or "CONFIDENTIAL" documents or other discovery obtained from the other party in the course of this litigation to any person (other than a qualified individual) will first obtain from such person, prior to any such dissemination, a written statement in the format attached as Exhibit A hereto, that such person agrees to be bound by this Stipulation of

Confidentiality and Protective Order.  The undersigned counsel shall maintain a list of all such persons along with the written agreement of each person.  Upon request of any party at any time, counsel in possession of the written agreements shall immediately provide copies of the written agreements to the requesting party.

9.     All documents obtained during discovery are to be used only for this litigation, and for no other purpose whatsoever.

10.     When any document or information designated "CONFIDENTIAL" or "COUNSEL ONLY," or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, filing, or other submission to the Court, the party intending to use such "CONFIDENTIAL" or "COUNSEL ONLY" documents or information shall, in accordance with the provisions of Local Rule 79-5.1, seek approval of the Court to file such documents or information under seal and use an envelope  marked as follows:

CONFIDENTIAL/RESTRICTED:

The contents of this envelope are not to be revealed to anyone except the Court, or with the prior consent of all the parties herein, or pursuant to any other Order of this Court.  If the contents are thus revealed, they shall thereafter be resealed.

11.     Nothing in this Stipulation shall preclude any party from challenging a designation of "CONFIDENTIAL" or "COUNSEL ONLY" by another party.

12.     If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this order, that party must provide at least five days advance notice to afford the designating party an opportunity to voluntarily remove such designation.

13.     If, after the five-day period has expired, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate.

The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

14.     If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

15.     If a party challenges a designation of "CONFIDENTIAL" or "COUNSEL ONLY" to the Court, the material is to be treated as "CONFIDENTIAL" or "COUNSEL ONLY" until such time as the Court has ruled on the challenge.

16.     Nothing in this Stipulation shall preclude any party from seeking a Court Order binding third parties to abide by this Stipulation.

17.     Within thirty days of final judgment inclusive of appeals and petitions for review, each party shall retrieve all copies of materials designated "CONFIDENTIAL" or "COUNSEL ONLY" from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Stipulation of Confidentiality and Protective Order, and shall do one of the following:  (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated "CONFIDENTIAL" or "COUNSEL ONLY" produced by such other party during this action have been destroyed.  All material protected by this Stipulation of Confidentiality and Protective Order which have been placed in any computer database, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Stipulation of Confidentiality and Protective Order shall be destroyed within the same period.  Nothing in this paragraph shall apply to documents contained within the files of the parties' respective attorneys.

18.     Nothing herein contained shall be construed to preclude or limit any

1   party from opposing any discovery on any grounds that would otherwise be

2   available.  By agreeing to the entry of this Protective Order, the parties hereto adopt

3   no position as to the admissibility of documents produced subject to this Stipulation

4   of Confidentiality and Protective Order.  This Stipulation shall not, in and of itself,

5   prejudice any contention of any party upon any motion, nor shall this Stipulation

6   constitute a waiver of any right to seek relief from the Court from any and all of the

7   provisions hereof or other modifications of the terms hereof.  This Stipulation shall

8   not limit any party's right to seek judicial review or to seek further and additional

9   protection against or limitation upon production or dissemination of information

10   and documents or their contents.

11         19.     Nothing in this order shall bar or otherwise restrict any attorney from

12   rendering advice to his/her client with respect to the litigation and, in the course

13   thereof, referring to or relying upon his examination of CONFIDENTIAL

14   information; provided, however, that in rendering such advice and in otherwise

15   communicating with his/her clients, the attorney shall not make specific disclosure

16   of any item of CONFIDENTIAL information unless the person(s) to whom the

17   attorney is rendering advice and otherwise communicating with is a person

18   identified in Paragraph 6.

19         20.     Nothing herein shall be construed to preclude or limit the presence of

20   any individual at any hearings in or the trial of this action.

21         21.     Upon the final resolution of this litigation, the provisions of this Order

22   shall continue to be binding.  This Court expressly retains jurisdiction over this

23   action for enforcement of the provisions of this Order following the final resolution

24   of this litigation.

25   / / /

26   / / /

27   / / /

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

22.     This Order is binding on all parties to this action and on all third parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

## ORDER

IT IS SO ORDERED.

DATED:  October 7, 2011                    */s/John E. McDermott*
                                            Honorable John E. McDermott

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALAS,<br><br>                    Plaintiff,<br><br>            vs.<br><br>ARAMARK SPORTS, LLC; and<br>DOES 1 THROUGH 50, inclusive,<br><br>                    Defendants. | Case No.  CV 11-1915-PSG (JEMx)<br><br>[Assigned to Hon. John E. McDermott for discovery matters]<br><br>**EXHIBIT A – ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

I hereby certify that I have read the Stipulation of Confidentiality and Protective Order entered into by the parties in the above-captioned litigation.  I hereby agree to be bound by the terms of the Stipulation of Confidentiality and Protective Order and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the Stipulation of Confidentiality and Protective Order.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation.

Name: _____

Signed: _____

Title:  _____

Dated: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 22695662.2